### LACROIX v. TYBERG.

(Circuit Court, S. D. New York. November 12, 1906.)

PATENTS—CONTESTS—DEPOSITIONS.

> The rule of practice in the federal courts in equity causes, whereby all irrelevant or immaterial matter offered by either side must be admitted to the record, has not been adopted by the Patent Office; but, on the taking of depositions to be used in a contested case before such office, a witness will be required to answer questions where the testimony may, on one theory of the case, be relevant.

On Motion to Direct Witness to Answer Certain Questions.

James C. Rice, for the motion.
W. G. Henderson, opposed.

LACOMBE, Circuit Judge. I feel quite well satisfied that the practice followed in equity causes under Blease v. Garlington, 92 U. S. 1, 23 L. Ed. 521, whereby all irrelevant and immaterial matter offered by either side must be admitted to the record, has not been adopted by the Patent Office. The last sentence in rule of practice 153 refers evidently to the subject-matter of that rule, while rule 159 indicates that the ordinary well-settled rules of evidence are not to be disregarded in taking proof.

As to the three questions certified, however, there seems to be a theory under which it is possible that the answers elicited may have some relevancy to the issue. They are on the extreme borderland; but, on the whole, it will probably be better to allow them to be answered. So ordered.